IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA BLAKEMAN, individually and on behalf of all others similarly situated | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) | CIVIL NO. 12-1246-GPM |
| NATIONAL MILK PRODUCERS FEDERATION; COOPERATIVES WORKING TOGETHER; DAIRY FARMERS OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA COOPERATIVE INC.; AGRI-MARK, INC. d/b/a CABOT CREAMERY COOPERATIVE, INC., | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case came before the Court on Monday, July 22, 2013 for oral argument on Defendants' joint motion to dismiss for lack of subject matter jurisdiction (Doc. 65)[1]. Plaintiff filed a response in opposition to Defendants' motion to dismiss (Doc. 95) and Defendants subsequently filed a reply brief (Doc. 96). Defendants requested oral argument in their papers and the Court obliged.

Defendants contend that on May 1, 2013, Defendants offered to pay Plaintiff Brenda Blakeman $15,000 or three times the total amount she spent on fluid milk products and fresh

---

[1] Defendants are trade associations and dairy cooperatives and are listed as follows: National Milk Producers Federation, Cooperatives Working Together, Dairy Farmers of America, Incorporated, Land O'Lakes, Incorporated, Dairylea Cooperative Incorporated, Agri-Mark, Incorporated doing business as Cabot Creamery Cooperative, Incorporated

dairy products at Defendants' stores between December 6, 2008 to present (Doc 65-1). At the time Defendants tendered their settlement offer, there was no motion for class certification pending. Plaintiff did not file a motion for class certification until after the settlement offer was tendered and the motion to dismiss was filed (*Compare* Doc. 65 *with* Doc. 68). Defendants characterize their offer as an unconditional settlement offer that completely satisfies Plaintiff's request for relief (Doc. 65). Since a complete offer of relief was tendered before a motion for class certification was made, Defendants argue that this case falls squarely within the confines of *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 201), and thus dismissal is warranted (Doc. 65).

In general, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted); *accord Breneisen v. Motorola, Inc.*, 656 F.3d 701 (7th Cir. 2011). In *Damasco*, the Court extended this logic into the realm of class action lawsuits when it held that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco*, 662 F.3d at 896.

After a careful review of the papers and for the reasons stated on the record at oral argument, the Court agrees with Defendants that the facts of this case fall within the confines of *Damasco*. Plaintiff Brenda Blakeman lost her stake in this litigation the day Defendants tendered a complete offer to settle. The solution to Plaintiff's problem, as noted by the Court in

*Damasco* was to file a motion certify the class at the same time the complaint is filed. *Id*. "The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*.

For the reasons stated on the record at oral argument, this case is **DISMISSED** pursuant to Federal Rule of Procedure 12(b)(1). A live case or controversy no longer exists, which therefore deprives this Court of federal subject matter jurisdiction. All pending motions are **TERMINATED** as the Court has no jurisdiction to rule on the motions. The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: July 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge